UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA
TUCSON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>  Respondent, | )<br>) |
| . | ) CAUSE NO: **4:11-cr-02729** |
| Vs. | ) CIVIL ACTION NO: |
| SANDRA CRUZ NORIEGA,<br>  Movant. | ) **4:16-cv-00593-DCB** |

MOVANT'S REPLY TO GOVERNENTS RESPONSE
TO MOTION UNDER TITLE 28 USC SECTION 2255

 COMES NOW, MOVANT SANDRA NORIEGA who respectfully submits this Reply to the Governments Response to her motion requesting credit to her term of imprisonment for time spent in custody prior to writ.

 In referring to the sentencing transcript, it is devoid of any reference to section 5G1.3 IMPOSITION OF A SENTENCE UPON A DEFENDANT WHO IS SUBJECT TO AN UNDISCHARGED TERM OF IMPRISONMENT.

 The Guideline applied at the time of sentencing should have been applied in its entirety. The Movant was serving a sentence arising out of the same ongoing series of offenses, there was no intervening arrest. She was serving a federal prison term when writted into custody regarding another federal matter. Upon sentencing the terms should have run concurrent, full credit achieved through departure to accommodate the time previously spent I custody. The Bureau of Prisons cannot credit this time to her sentence, so presently she serving a longer unwarranted term.

 Section 5G1.3 of the Sentencing Guidelines governs the imposition of a sentence on a defendant subject to undischarged terms of imprisonment. In general, the purpose of § 5G1.3 is "to mitigate the possibility that the fortuity of two separate prosecutions will grossly increase a defendant's sentence." Witte v. United States, 515 U.S. 389, 404-05, 115 S. Ct. 2199, 2208-09 (1995). The following three general scenarios are contemplated by that section.

 5G1.3(b) provides that "the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment." Id.

MOVANT'S REPLY

5G1.3(b)(2). In addition, "the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons." Id. § 5G1.3(b)(1).

Finally, § 5G1.3(c) provides that in any other case involving an undischarged term of imprisonment, the court has discretion to structure the sentence for the instant offense (to run concurrently, partially concurrently, or consecutively) so as "to achieve a reasonable punishment for the instant offense." Id. § 5G1.3(c).

The Sentencing Guidelines characterize the adjustment prescribed under § 5G1.3(b)(1) as a "sentence reduction," not a "downward departure." Compare U.S.S.G. § 5G1.3 cmt. n.2(C), with U.S.S.G. § 5G1.3 cmt. n.3(E) & n.4.

WHEREFORE PREMISES CONSIDERED, Petitioner Noriega prays that this court will grant relief in the form of crediting her with the concurrency nunc pro tunc in this matter.

Respectfully Submitted,

this 2 day of _____ 2017.

Sandra Cruz Noriega
Petitioner, pro se
Fed. Reg. No: 67413-080
FCI Dublin-Unit A/B
5701 8th St.-Camp Parks
Dublin, CA. 94568

MOVANT'S REPLY

# CERTIFICATE OF SERVICE

## Civil Action No: 4:16-cv-00593-DCB

I, Sandra Noriega, Movant in the foregoing action, do hereby certify that on this 20th day of January, 2017, I have served a true and correct copy of the following;

**MOVANT'S REPLY TO GOVERNMENT RESPONSE**

Upon all parties involved in the matter, to wit:

**David Paul Flannigan**
US Attorney's Office
405 W Congress St
Ste 4800
Tucson, AZ 85701-4050

With sufficient postage attached thereupon to carry same to its destination.

Dated this 27th day of February, 2017

Sandra Noriega,
Fed. Reg. No: 67413-080
FCI Dublin-Unit A/B
5701 8th St.-Camp Parks
Dublin, CA. 94568

CERTIFICATE OF SERVICE