**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Sandra Cruz Noriega, ) | |
| ) | CR-11-2729-TUC-DCB/ |
| Petitioner, ) | CV-16-593-TUC-DCB |
| v. ) | |
| ) | |
| United States of America, ) | **ORDER** |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner/Movant filed a Motion/Amended Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. §2255. The Court will now resolve the motion without the need for oral argument or hearing.

**BACKGROUND**

Pursuant to a plea agreement, Movant pleaded guilty to misprision of a felony, and fraud in connection with identification documents, in violation of 18 U.S.C. § 4, 18 U.S.C. § 3146(a)(1), and 18 U.S.C. § 1028(a)(7) and (b)(2), respectively. (CR-11-2729 (Doc. 289).) On February 27, 2013, this Court sentenced Movant to a 36-month term of imprisonment on the misprision conviction, and a 48-month term of imprisonment on the fraud conviction, to run concurrently. (Doc. 381.) The Judgment and Commitment issued on March 5, 2013. (Doc. 285.) The sentences were also ordered to be run consecutively to a sentence imposed in another matter by the Western District of Texas, case no. EP-95CR-334-FM2, with supervised release to run concurrent with term of supervised release imposed in the Western District of Texas Criminal case.

Movant alleges in the Amended § 2255 Motion that her sentences failed to credit her with time she had already served in case no. EP-95CR-334-FM2, resulting in a longer sentence than what should have been imposed. Accordingly, Movant seeks to have her sentence corrected to properly account for the time she had already served in that matter.

**STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 2255, a collateral attack on a sentence should be presented to the court which imposed the allegedly improper sentence. 28 U.S.C. § 2255. According to Rule 4(a) of the Rules Governing Section 2255 Proceedings, the motion *shall* be directed to the judge who sentenced the petitioner. Rule 4(a), Rules Governing Section 2255 Proceedings. Therefore, as the Court which imposed Petitioner's sentence, it is appropriate for this Court to consider Petitioner's Motion.

Ordinarily, a court must conduct a hearing on a motion collaterally attacking a sentence unless it "and the files and records of the case conclusively show that the petitioner is entitled to no relief ...." 28 U.S.C. § 2255. The Motion in this matter, as well as the files and records, do conclusively establish that Petitioner is not entitled to relief. *See Shah v. United States*, 878 F.2d 1156, 1159 (9th Cir. 1989). Hence, no hearing is required to rule on the present Motion.

**DISCUSSION**

On February 27, 2013, a sentencing hearing was held for Petitioner Sandra Cruz Noriega. At the time of her sentence Cruz Noriega was serving a 60 month sentence imposed in the Western District of Texas, EP-95CR-334-FM2. Cruz-Noriega was sentenced for Misprision of a Felony, Count One, in violation of 18 U.S.C. § 4, and Fraud in Connection with Identification Documents, Possessing Another's Means of Identification, Count Two, in violation of 18 U.S.C. § 1028(a)(7) and 18 U.S.C. §

1028(b)(2). Movant was sentenced to 36 months' imprisonment on Count One and 48 months' imprisonment on Count Two, to run concurrently. The Court specifically stated that the sentence imposed on Counts One and Two would run consecutive to the sentence imposed by the Western District of Texas. (The Court also placed Cruz Noriega on a three-year period of Supervised Release upon release from prison, to run concurrent with the term of supervised release imposed in the Western District of Texas, EP-95CR-334-FM2.)

The Government argues that the Petitioner's §2255 Motion is time-barred. 28 U.S.C. § 2255(f), states in part: "A one-year period of limitation shall apply to a motion under this section. This limitation period shall run from the latest of – (1) the date on which the judgment of conviction becomes final[.]" In the criminal case, CR-11-02729-TUC-DCB (JR), Cruz Noriega's judgment of conviction became final on **March 29, 2013**. This date is calculated by adding 14 days from the entry of the judgment on March 5, 2013.  Fed.R.App.P. 4(b).

The Petitioner had one year from the final entry of judgment within which to file her Motion. 28 U.S.C. § 2255(f)(1.) The final date for this filing was **March 30, 2014.** Cruz Noriega filed her first Motion on September 6, 2016, and then the amended Motion on October 7, 2016. The Government argues that both Motions were filed over **two years** past the statute of limitations and therefore are statutorily time-barred.

Should the Court entertain the Movant's §2255 Motion, the Petitioner is required to show that "extraordinary circumstances" beyond her control kept her from filing a timely §2255 Motion. *Hartz v. U.S.*, 419 Fed. Appx. 782, 2011 WL 808594 (9th Cir. March 9, 2011).

Here, in this criminal case, the Petitioner has shown that she was capable of filing documents with the Court well within the year statute

of limitations. The Government contends that the Petitioner's untimeliness was due to her own oversight, miscalculation, or negligence, and therefore is precluded from the possibility of equitable tolling in this case. *Id.* at 783, citing *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008).

In her amended motion, the Movant claims that she had no updated paperwork to show that her District of Arizona sentence was to be served consecutive to her Western District of Texas sentence until after January 28, 2014, when her paperwork was updated, after she completed her Texas sentence and had already been moved to FCI Dublin, California, on March 15, 2013. In support of her claim of ignorance, Cruz Noriega in effect raises a claim of ineffective assistance of counsel, alleging that her court appointed Tucson, Arizona defense attorney, Mr. Basham had "presented her with a blank plea agreement to sign, and "advised her that she would get either time served or concurrent sentencing."

The Petitioner's plea agreement specifically provided "There is no agreement whether this sentence shall run consecutive or concurrent to the Petitioner's current term of imprisonment imposed in EP-95-CR-334FM(2) in the United States District Court for the Western District of Texas, El Paso." At the Sentencing on February 27, 2013, this Court specifically told the Petitioner that her Arizona sentence would be served consecutive to her Texas sentence, follows:

> I feel compelled to give you a total sentence of 48 months. Now, that sentence will consist of 36 months on Count 1, and 48 months on Count 2, that term to run concurrent on both counts. But I am going to order this sentence be served consecutive to your sentence in the district court case in the Western District of Texas, so you are getting a total sentence of 48 months to run consecutive to your sentence in Texas.

1  (Doc. 574.) For the Petitioner to claim now that she never found out that
2  her Arizona sentences would run consecutively to her Texas sentence until
3  2014 is not borne out by the record.
4      This action is time-barred.  Further, the Court finds no facts upon
5  which to find that extraordinary circumstances existed beyond her control
6  such that a timely filing was impossible. The Court also finds that the
7  Petitioner was notified that her sentences were to be served
8  consecutively not concurrently.  Because the motions are time-barred, the
9  Court will not address the substance of the new argument[1] raised in the
10 Petitioner's Reply.
11     Accordingly,
12     **IT IS ORDERED** that the Petitioner's Amended Motion to Vacate, Set
13 Aside or Reduce Sentence (CV-16-593 (Doc. 4)/CR-11-2729 (Doc. 685)) is
14 **DENIED**.
15     **IT IS FURTHER ORDERED** that CV-16-593-TUC-DCB is **DISMISSED** with
16 prejudice and the Clerk of the Court should enter Judgment accordingly.
17 Dated this 15th day of May, 2017.

David C. Bury
United States District Judge

---

[1] §5G1.3(b).